UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

CANDACE MOORE

                                    Plaintiff

                                               COMPLAINT
                                               JURY TRIAL DEMANDED
               -Against-                  1:07-cv-11111

SCHOLASTIC INC.,

                                Defendant
-------------------------------------------------------------X

## NATURE OF THE ACTION

1. This action is brought to challenge the Defendant's practice of race discrimination, disability discrimination and retaliation in the terms, conditions, and privileges of Plaintiff's employment in violation of New York State Human Rights Law and New York City Human Rights Law.

2. Injunctive and declaratory relief, damages, and other legal and equitable relief are sought pursuant to New York Human Rights Law and New York City Human Rights Law.

## PARTIES

3. At all times relevant herein mentioned, Plaintiff, Candace Moore was a resident of the City of Irvington, County of Essex, State of New Jersey, and presently resides at 20 Ruth Street.

4. Scholastic Inc. (hereinafter "defendant") is a company located at 555 Broadway, Manhattan, New York and is a corporation organized, existing and operating under the laws of the State of New York.

## AVERMENTS:

5.      Ms. Moore began her employment with Scholastic Inc., in June 2000. She is African-American.

6.      Ms. Moore was hired in the position of Quality Assurance Manager.

7.      In October 2001, Ms. Moore was promoted to Quality Assurance Director.

8. On February 21, 2007, Ms. Moore was constructively discharged from her position.

9. Plaintiff began Maternity Leave in October 2006, pursuant to Scholastic Inc.'s Human Resources Policy.

10. Plaintiff was a Supervisor, and she kept in frequent contact with Scholastic Inc. while on Maternity Leave.

11. On February 5, 2007, Plaintiff returned to work.

12. Upon her return, Steve Morrissey, plaintiff's supervisor, requested a meeting with her.

13. During this meeting, plaintiff was informed that her position as the Quality Assurance Director was being eliminated.

14. Plaintiff was never informed during her frequent conversations with Scholastic, while on maternity leave, that her position was being eliminated.

15. Morrissey indicated that plaintiff was being laterally moved to Project Management.

16. He further explained that plaintiff would now be responsible for overseeing the stores e-commerce platform and providing support to the Quality Assurance Department.

17. Plaintiff inquired about the increase in duties and whether or not there was a comparable increase in compensation.

18. Morrissey indicated that there were no additional monies via salary increase or bonus.

19. Plaintiff stated that she should be justly compensated for the additional duties.

20. Morrissey stated that plaintiff would not receive additional pay and if she did not accept the new position, her services at the company were no longer needed.

21. At all relevant times, during her employment with Scholastic, Inc., plaintiff had received satisfactory performance evaluations.

22. Amy Stemmler, a white female and the Technical Project Manager, served as Quality Assurance Director while plaintiff was on Maternity Leave.

23. Ms. Stemmler has limited knowledge and experience with regard to Quality Assurance Management.

24. Prior to plaintiff's returning from maternity leave, Ms. Stemmler was promoted to Quality Assurance Manager. In fact, Ms. Stemmler was given the exact same duties and responsibilities as plaintiff's previous position of Quality Assurance Director.

25. In essence, Ms. Stemmler, was given plaintiff's position under a different title.

26. Ms. Stemmler has significantly less experience than Ms. Moore in the area of Quality Assurance.

27. Essentially, Ms. Stemmler was given plaintiff's position while plaintiff was on Maternity Leave.

28. Ms. Moore was constructively discharged when she refused was given a different position which entailed considerably more responsibility but with a corresponding pay increase, upon her return from Maternity Leave.

29. These acts by Scholastic are in violation of both The New York State Human Rights Law and the New York City Human Rights Law and 42 U.S.C. Section 1981.

## COUNT I
## SEX DISCRIMINATION (PREGNANCY)

30. Plaintiff incorporates herein as if set out in full all allegations set forth in all preceding paragraphs of this Complaint.

31. The New York State and City Human Rights Laws, makes it unlawful to discriminate against any individual on the basis of sex, including on the basis of pregnancy, childbirth, or related medical conditions.

32. By the conduct as alleged herein, defendants discriminated against plaintiff on the basis of pregnancy, childbirth, and/or related medical conditions in violation of The New York State and New York City Human Rights Laws.

33. As a result of the illegal acts of defendants, plaintiff has suffered loss of employment, lost of wages, salary and related benefits, pension benefits, financial opportunities, career opportunities.

34. As a direct and proximate result of Defendant's discriminatory conduct, Plaintiff suffered great emotional pain, suffering and humiliation as a result of this discriminatory treatment.

## COUNT II
## (RACE DISCRIMINATION)

35. Plaintiff repeats and re-alleges each and every allegation contained herein.

36. Plaintiff has been discriminated against by Defendant on the basis of her race in contravention of The New York State, New York City Human Rights Laws and 42 U.S.C. Section 1981, in that Defendant engaged in a course of conduct, as stated above, which collectively resulted in the termination of Plaintiff's employment.

37. As a proximate result of Defendant's discrimination, Plaintiff has suffered and continues to suffer substantial loss of past and future earnings, other employment benefits.

38. As a further proximate result of Defendant's actions, Plaintiff has suffered and continues to suffer severe and lasting embarrassment, humiliation and anguish, and other incidental and consequential damages and expenses.

39. The conduct of Defendant was done in conscious disregard of Plaintiff's rights. Therefore, Plaintiff is entitled to an award of punitive damages from Defendant.

## **PRAYER FOR RELIEF**

**WHERFORE**, Plaintiff respectfully requests that this Court enter judgment:

(a) Declaring the acts and practices complained of herein are in violation of The New York State, New York City Human Rights Laws and 42 U.S.C. 1981;

(b) Enjoining and permanently restraining these violations;

(c) Directing Defendant to take such affirmative action as is necessary to cure the unlawful employment practices;

(d) Awarding on the First Count, compensatory, punitive, mental anguish and pain and suffering damages as a result of Defendant's discriminatory conduct in excess of $5,000,000;

(e) Awarding on the Second Count, compensatory, punitive, mental anguish and pain and suffering damages as a result of Defendant's discriminatory conduct in excess of $5,000,000;

(f) Awarding Plaintiff such interest as is allowed by law (pre- and post judgment);

(g) Awarding Plaintiff her reasonable attorneys fees and costs; and

(h) Granting such other and further relief as this Court deems just and proper;

(i) On all counts, an award of Plaintiff's actual damages for past and future earnings, bonuses, and other employment benefits.

Dated: Brooklyn, New York
       December 4, 2007

                            Respectfully Submitted,
                            Law Offices of Ambrose Wotorson, P.C.
                            By_____/s/_____
                            Ambrose W. Wotorson (AWW—2412)
                            26 Court Street
                            Suite 1811
                            Brooklyn, New York 11242

                            718-797-4861